**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

JHON FREDDY FLORIAN BELLO,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Civil Action No. 26-7845 (ZNQ)

**MEMORANDUM OPINION**

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Jhon Freddy Florian Bello's habeas petition (ECF No. 1) challenging his ongoing immigration detention. Following an order to show cause, the Government filed a response to the petition (ECF No. 7), to which Petitioner replied. (ECF No. 8.) For the following reasons, the petition is granted, and Petitioner shall receive a bond hearing before an immigration judge within seven days.

Petitioner is a native and citizen of Colombia. (ECF No. 7-1 at 1.) On November 30, 2022, Petitioner crossed the southern border of the United States without inspection or admission. (ECF No. 7-6 at 2.) Petitioner was encountered by U.S. Border Patrol shortly after crossing and taken into custody. (*Id.*) He was thereafter released as part of an alternative to detention program that same day. (*Id.*)

Petitioner remained at liberty in the United States until June 15, 2026. (*Id.*) On June 15, 2026, Petitioner was arrested by local police on domestic violence simple assault charges. (ECF No. 7-3 at 5.) These charges arose out of an incident that morning in which Petitioner allegedly hit his wife in the face with an open hand. (*Id.*) In addition to criminal charges, this incident also

1

resulted in Petitioner's wife seeking and obtaining a temporary restraining order against Petitioner. (*Id.*)  Following Petitioner's arrest by the police, he was ultimately turned over to immigration officials pursuant to a detainer lodged with the local police.  (ECF No. 7-6 at 2.)  Petitioner has remained detained by immigration officials without bond since that time.  (*Id.*)  Petitioner's criminal assault charge remains pending in state court at this time.  (*Id.*)

The Government argues in this matter that Petitioner is lawfully detained and subject to mandatory detention without bond as an applicant for admission under 8 U.S.C. § 1225(b)(2).  (*See* ECF No. 7.)  The Government recognizes, however, that its position "relies on the same statutory-interpretation arguments," (ECF No. 7 at 3), this Court has repeatedly rejected in finding that § 1225(b)(2) does not apply to aliens who have resided within the United States for a lengthy period of time after crossing the border without being admitted or paroled.  *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026).  As Petitioner clearly falls into this category as he is an alien who entered the United States without admission or inspection in and thereafter remained at liberty in the United States for several years prior to being taken into custody, he may not be held under 8 U.S.C. § 1225(b)(2).  *See, e.g., Valerio*, 2025 WL 3251445, at *3.  Petitioner's continued mandatory detention without a bond hearing under § 1225(b)(2) is therefore unlawful.  *Id*.  Petitioner's habeas petition shall therefore be granted.

Turning to the question of the appropriate relief, the Government argues that the Court should provide Petitioner only with the bond hearing to which he would have been entitled had he been taken into custody under 8 U.S.C. § 1226(a).  *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to

mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk nor danger); *see also Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1-2 (D.N.J. Nov. 21, 2025) (a bond hearing under 8 U.S.C. § 1226(a) is an appropriate remedy to address improper detention under an inapplicable statute where the petitioner clearly would be subject to § 1226(a) and the facts so warrant). Although Petitioner contends that release would be a more appropriate remedy as he was not initially detained by immigration officials under the terms and protections applicable to § 1226(a) detainees, he acknowledges in his reply that the Government could at any time have taken him into custody under § 1226(a) lawfully so long as he had the opportunity to seek a bond hearing before an immigration judge. (*See* ECF No. 8 at 2.)

Although this Court has held that outright release is an appropriate remedy in cases where § 1225(b)(2) has been improperly applied to an alien present within the United States without any criminal history indicative of dangerousness, *see, e.g., Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026), this Court has recognized that a bond hearing under § 1226(a) is also an available form of relief if the facts of an individual case make outright release inappropriate. *See Valerio,* 2025 WL 3251445 at *3-4. Judges in this district regularly order bond hearings rather than outright release in those cases in which an alien's criminal history indicates that he may present a sufficient danger to the community that outright release would be an unwarranted windfall. *See, e.g., Menjivar Delgado v. Lyons*, No. 26-6548, ECF No. 3 (D.N.J. June 10, 2026) (ordering a bond hearing rather than release where pending assault charges suggested potential dangerousness or flight risk). Given the nature of Petitioner's pending assault charge, this Court finds that a bond hearing is the appropriate relief in this matter. The Government shall therefore afford Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C.

3

§ 1226(a) within seven days at which Petitioner is provided an opportunity to show that he is neither a flight risk nor danger to the community.

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall provide Petitioner with a bond hearing before an immigration judge within seven days. An order consistent with this Memorandum Opinion will be entered.

Date: July 8, 2026

s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
